### Fred Hoobler v. D. Heenan & Co.

1. HUSBAND AND WIFE—*Family Expenses—Living Separately.*— Under Sec. 15, Chap. 68, R. S. Ill., the expenses of the family are chargeable upon the property of both husband and wife, or of either of them, in favor of creditors, for which they may be sued jointly or separately, although the wife is living separate and apart from her husband without her fault.

2. SAME—*Husband Wrongfully Leaving His Wife and Children.*— By wrongfully leaving his wife and children, the husband can not break up the family and exempt himself from liability for their support and maintenance.

Assumpsit, for family expenses. Trial in the Circuit Court of La Salle County, on appeal from a justice of the peace; the Hon. HARVEY M. TRIMBLE, Judge, presiding. Finding and judgment for plaintiff; appeal by one of the defendants. Heard in this court at the December term, 1898. Affirmed. Opinion filed April 11, 1899.

REEVES & BOYS, attorneys for appellant, contended that at common law the husband, alone, is liable on the postnuptial contracts of his wife, although they live separate and apart. 1 Chitty on Pleadings (13th Am. Ed.), 57a; 10 Ency. Pl. and Pr., 248.

This action being joint, the plaintiff must prove a joint liability under the statute. Schlesinger et al. v. Keifer, 30 Ill. App. 257; Hudson et al. v. Sholem & Sons, 65 Ill. App. 61.

The liability of husband and wife for family expenses depends upon whether they live together and constitute a family in fact. Schlesinger et al. v. Keifer, 30 Ill. App. 257; Hudson et al. v. Sholem & Sons, 65 Ill. App. 61; Hudson v. King Bros., 23 Ill. App. 118; Compton v. Bates, 10 Ill. App. 85.

PAUL R. CHUBBUCK and McDOUGALL & CHAPMAN, attorneys for appellees.

Under the common law, where a wife is living separate and apart from her husband without her fault, and he neglects to furnish her with all articles necessary to his degree and condition of life, the wife may procure them of whom she pleases, and her husband will be liable, and under such circumstances he can not escape liability by giving notice not to trust her. Rea v. Durkee, 25 Ill. 503; 2 Kent's Com. 146, 147; Martin et al. v. Robson, 65 Ill. 134; Ross v. Ross, 69 Ill. 570; Bevier v. Galloway, 71 Ill. 518; Wilson v. Bishop, 10 Ill. App. 590.

Under section 15, chapter 68, R. S., the legal liability of the husband and wife for the expenses of the family is joint and several, and a suit therefor may be maintained against either or both. The mere fact that the wife is charged with such expenses upon the books of plaintiff does not deprive him of the right to maintain a separate suit therefor against the husband, or a suit against the husband and wife jointly. Hudson v. King Bros., 23 Ill. App. 119; Houck v. Smith & Sons, 46 Ill. App. 65.

Where the trial is by the court, no question of law properly arises on an appeal, unless propositions of law have been submitted to the trial court. Allison v. Leslie, 40 Ill. App. 441; Williams, Brown & Co. v. John H. Leslie & Co., 66 Ill. App. 253; McIntyre v. Sholty, 121 Ill. 662; Christy v. Stafford, 123 Ill. 466; Crean v. Hourigan, 158 Ill. 301; The C., B. & Q. R. R. Co. v. Ottawa, 165 Ill. 207; Davidson v. Sprague, 21 Ill. App. 611.

Mr. Justice Crabtree delivered the opinion of the court.

This was a suit brought before a justice of the peace to recover a bill of $46.12 for goods furnished to Martha Hoobler, the wife of appellant, who was living separate and apart from her husband without her fault. Appellee recovered a judgment before the justice. There was an appeal to the Circuit Court, where a jury was waived and a trial had by the court upon an agreed statement of facts and evidence offered in open court. There was a finding and judgment against husband and wife jointly for $46.12, and the husband appealed to this court. No propositions of law were submitted to the court below. It is contended that inasmuch as the husband and wife were living separate and apart from each other, no action could be maintained against them under the statute for family expenses. We think this was a question of law arising upon the facts. We are of the opinion that, under the evidence, appellant was clearly liable for the expenses of the family. The authorities cited in the briefs of counsel fully sustain this view. We hold further that it was not error to render judgment against husband and wife jointly. The account sued on was for necessary family expenses, and, under the statute, husband and wife were both liable. By wrongfully leaving his wife and children, appellant could not break up the family and exempt himself from liability for their support and maintenance. He is in no wise harmed because the wife also was joined in the judgment.

No error appearing in the record, the judgment must be affirmed.